1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL CAST,                              No.  2:23-cv-1428 KJN P

12            Plaintiff,

13       v.                                     ORDER

14   JOHN D'AGOSTINI, et al.,

15            Defendants.

16

17          Plaintiff is a state prisoner, housed in the El Dorado County Jail (ECF No. 1 at 4), and is

18   proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested

19   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to

20   this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  As discussed below, plaintiff's

21   complaint is dismissed with leave to amend.

22   Request to Proceed In Forma Pauperis

23          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

24   Accordingly, the request to proceed in forma pauperis is granted.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

26   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                              1

1   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

2   payments of twenty percent of the preceding month's income credited to plaintiff's inmate trust

3   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

5   U.S.C. § 1915(b)(2).

6   Screening Standards

7        The court is required to screen complaints brought by prisoners seeking relief against a

8   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

12       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

19  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

20  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

21  1227.

22       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

23  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

26  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

27  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

28  sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

2

1    are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

2    . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

3    (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

4    In reviewing a complaint under this standard, the court must accept as true the allegations of the

5    complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

6    Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

7    U.S. 183 (1984).

8    The Civil Rights Act

9        To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a

10   federal constitutional or statutory right; and (2) that the violation was committed by a person

11   acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

12   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

13   rights claim unless the facts establish the defendant's personal involvement in the constitutional

14   deprivation or a causal connection between the defendant's wrongful conduct and the alleged

15   constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

16   Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

17   theory that the official is liable for the unconstitutional conduct of his or her subordinates.

18   Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a

19   supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

20   established in a number of ways, including by demonstrating that a supervisor's own culpable

21   action or inaction in the training, supervision, or control of his subordinates was a cause of

22   plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

23   Plaintiff's Complaint

24       Plaintiff alleges the following.  He has had a colostomy bag for the past year due to an

25   accident.  (ECF No. 1 at 24.)  On March 23, 2023, while incarcerated at the jail, plaintiff began

26   experiencing spasming through his intestinal tract and sought medical assistance.  Dr. Ross

27   Chapman used a gloved finger, inserted it roughly into plaintiff's stoma, and began probing

28   plaintiff's intestine in all directions, causing plaintiff unbearable pain and causing him to bleed

1  into the colostomy bag.  Ever since, plaintiff has been bleeding constantly, filling the bag with

2  three finger's worth of blood every day.  Despite such active bleeding, head nurse Daryl told

3  plaintiff "[w]e are done with you Mr. Cast."  (ECF No. 1 at 25.)  Plaintiff filed a grievance; the

4  response addressed only colostomy bag care and claimed they were unable to contact plaintiff's

5  physician.  The response did not address Dr. Chapman's treatment or plaintiff's continuous

6  bleeding.  Plaintiff daily informs medical staff that he is still bleeding, and has been for the last

7  three months, but nothing is being done.

8      Plaintiff refers to the appended chronos of events, and appended numerous exhibits,

9  including copies of grievances.  Plaintiff names the sheriff as a defendant because the sheriff is

10  responsible for all inmate care under his purview.  (ECF No. 1 at 25.)  Plaintiff names R.N.

11  Cameron because she is a mandatory reporter and is deliberately indifferent to plaintiff's well-

12  being and standard of care, referring to appended grievances.  (ECF No. 1 at 26.)  Plaintiff claims

13  that Dr. Chapman is named due to his gross medical negligence, failure to uphold his Hippocratic

14  oath to do no harm and failure to perform even the most rudimentary medical care.  Plaintiff avers

15  that nothing has ever been done to address his intestinal cramping or spasming or daily blood

16  loss.  (ECF No. 1 at 26.)

17      Plaintiff seeks money damages for surgery to reconnect his colon and punitive damages.

18  No Supervisorial Liability

19      Plaintiff's claims against the sheriff, defendant D'Agostini, are solely based on

20  D'Agostini's role as sheriff at the El Dorado County Jail.  Plaintiff includes no specific facts

21  demonstrating that the sheriff was personally involved in or had a causal connection to the

22  incidents alleged.  As set forth above, such claims fail to state a cognizable civil rights claim.

23  Ashcroft, 556 U.S. at 679; see Hansen, 885 F.2d at 646.  Plaintiff should not renew such claims in

24  any amended complaint.

25  Plaintiff's Medical Claims

26      Standard Governing Eighth Amendment Claims

27      A prisoner's claim of inadequate medical care does not constitute cruel and unusual

28  punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

4

1    "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

2    2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  "Deliberate indifference is a high

3    legal standard, Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and may be shown by the

4    denial, delay or intentional interference with medical treatment or by the way in which medical

5    care is provided, Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  The two-part

6    test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by

7    demonstrating that failure to treat a prisoner's condition could result in further significant injury

8    or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

9    was deliberately indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately

10   indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate

11   health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

12          In applying this standard, the Ninth Circuit has held that before it can be said that a

13   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

14   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

15   cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

16   Estelle, 429 U.S. at 105-06).  Deliberate indifference "requires more than ordinary lack of due

17   care." Farmer, 511 U.S. at 835.  Medical malpractice does not become a constitutional violation

18   merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County

19   of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).

20          Finally, differences in judgment as to appropriate medical diagnosis and treatment

21   between an inmate and prison and jail medical providers -- or, for that matter, between medical

22   providers -- are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d

23   240, 242 (9th Cir. 1989).  "A difference of medical opinion between a prisoner-patient and prison

24   medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon,

25   662 F.2d 1337, 1344 (9th Cir. 1981).  Instead, "to prevail on a claim involving choices between

26   alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was

27   medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an

28   excessive risk' to the prisoner's health." Toguchi, 391 F.3d at 1058 (alteration omitted) (quoting

1    Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

2           Discussion

3                Defendant RN Cameron

4           Plaintiff contends defendant Cameron is a mandatory reporter who "participated in being

5    deliberately indifferent to [plaintiff's] well-being and standard of care (grievances enclosed)."

6    (ECF No. 1 at 26.)  Such allegations are too vague and conclusory for the court to determine

7    whether plaintiff can state a cognizable Eighth Amendment claim against Cameron for the

8    following reasons.

9           First, it is unclear whether defendant Cameron personally treated plaintiff, or whether her

10   role was solely limited to reviewing plaintiff's grievances.  Plaintiff may not simply rely on

11   exhibits to demonstrate a defendant's culpability; rather, plaintiff must set forth specific facts

12   demonstrating that defendant Cameron was deliberately indifferent to plaintiff's serious medical

13   needs.  It is not the duty of the court to look through all of the exhibits to determine whether or

14   not plaintiff has claims cognizable under § 1983.[1]  Instead, the court looks to the factual

15   allegations contained in the complaint to determine whether or not plaintiff has stated a

16   cognizable claim for relief under § 1983.

17          Second, prisoners have no Fourteenth Amendment liberty interest in a right to appeal

18   adverse decisions by prison and jail authorities.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

19   1988) ("There is no legitimate claim of entitlement to a grievance procedure.").  In Ramirez v.

20   Galaza, 334 F.3d at 860, the Ninth Circuit confirmed that a prisoner may not challenge an

21   administrative disciplinary appeals process on Due Process grounds, confirming that "inmates

22   lack a constitutional entitlement to a specific prison grievance procedure."  Id.  On the other hand,

23

24   [1] Plaintiff may not place the Court in the position of "'fish[ing] a gold coin from a bucket of
     mud.'"  Knapp v. Hogan, 738 F.3d 1106, 1111 (9th Cir. 2013) (quoting U.S. ex rel. Garst v.
25   Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).  The undersigned acknowledges that
     plaintiff also provided a "Chrono of Events" which appears to be a form of diary in which
26   plaintiff recorded facts concerning his colostomy bag and medical treatment for his colostomy.
     (ECF No. 1 at 62-71.)  However, plaintiff is still required to articulate specific facts in his
27   complaint that specifically address the required elements of an Eighth Amendment claim as to
     each named defendant.
28

6

1  there is an emerging consensus that a medically trained official who reviews and denies an appeal

2  is liable under the Eighth Amendment when a plaintiff can show that the official knew, at least in

3  part, from reading the appeal that the plaintiff had a serious medical issue and nevertheless chose

4  not to offer treatment.  See Sevilla v. Terhune, 2009 WL 1211393, at *6 (E.D. Cal, 2009)

5  (plaintiff "will likely also be able to state a cognizable claim against defendants with medical

6  training if they reviewed and ruled against plaintiff in his medical grievances/appeals on that

7  same issue").

8         Thus, in order to state a cognizable Eighth Amendment claim against defendant Cameron

9  based on her role in reviewing plaintiff's grievances, plaintiff must set forth specific facts

10  demonstrating she was deliberately indifferent to plaintiff's serious medical needs.  Jett, 439 F.3d

11  at 1096.  Plaintiff may not simply refer to appended grievances or responses thereto.

12        Third, plaintiff's allegation that defendant Cameron is a mandatory reporter, standing

13  alone, is insufficient.  Plaintiff fails to identify the source of the law requiring such mandatory

14  reporting; if it is a state law or regulation, a violation of such state law or regulation would not

15  constitute a federal civil rights violation.  Moreover, a failure to report constitutes mere

16  negligence, which does not rise to the level of deliberate indifference absent facts not alleged.

17  Similarly, to the extent plaintiff contends defendant Cameron breached the standard of care, such

18  allegation constitutes negligence, not deliberate indifference.  Farmer, 511 U.S. at 835.

19        Because it is not clear plaintiff cannot amend his complaint to state a civil rights claim

20  against defendant RN Cameron, plaintiff is granted leave to amend.

21                    Defendant Dr. Chapman

22              Medical Negligence

23        Plaintiff's claim that Dr. Chapman's actions in exploring plaintiff's intestine with his

24  gloved finger constitutes gross medical negligence is a state law claim, not a federal claim.  Ladd

25  v. County of San Mateo, 12 Cal.4th 913, 917, 50 Cal.Rptr.2d 309 (1996) ("In California, a

26  plaintiff asserting a claim for medical negligence must establish the following elements: '(a) a

27  legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or

28  legal cause of the resulting injury.'") (quotation marks omitted); Mann v. Cracchiolo, 38 Cal.3d

1  18, 36 (1985) ("A physician is negligent under California law if he or she fails to use the level of

2  skill, knowledge, and care in diagnosis and treatment that other reasonably careful physicians

3  would use in the same or similar circumstances."). Even gross negligence is insufficient to

4  establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d

5  1332, 1334 (9th Cir. 1990).

6        This court lacks jurisdiction over such state law claim. "Federal courts are courts of

7  limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

8  Federal courts have jurisdiction only if the claim arises under the Constitution, laws or treaties of

9  the United States, over where there is diversity of citizenship. See 28 U.S.C. § 1331 (providing

10  that "[t]he district courts shall have original jurisdiction of all civil actions arising under the

11  Constitution, laws or treaties of the United States"); see also 28 U.S.C. § 1332(a)(1) (providing

12  that district courts have subject matter jurisdiction if there is diversity jurisdiction).

13        Plaintiff includes no other specific facts attributable to Dr. Chapman. While plaintiff

14  claims that every officer in the jail has observed plaintiff's continuous bleeding, plaintiff sets

15  forth no facts explaining what Dr. Chapman did or did not do after he explored plaintiff's

16  intestine.[2] Thus, the court is unable to evaluate whether Dr. Chapman's actions or omissions at

17  this time could possibly rise to the level of deliberate indifference, or whether plaintiff's

18  allegations merely constitute a difference of opinion as to appropriate medical care. Moreover,

19  plaintiff sets forth no facts demonstrating that plaintiff saw Dr. Chapman after this incident.

20  Thus, it is unclear whether Dr. Chapman was even aware of plaintiff's subsequent and continued

21  bleeding. Indeed, plaintiff states he "can't see a doctor." (ECF No. 1 at 25.)

22        If plaintiff's sole claim as to Dr. Chapman is based on Chapman's actions in exploring

23  plaintiff's intestine with Chapman's gloved finger, plaintiff should pursue such claim through a

24  medical malpractice action filed in state court. But if plaintiff is able to allege facts

25  demonstrating defendant Chapman acted or failed to act with a "sufficiently culpable state of

26

27  [2] In his April 26, 2023 grievance, plaintiff wrote that at the time of writing the grievance, "there is purple bruising around [the] stoma," and that [s]ince the blind finger probe by the doctor [plaintiff has] radiating pain on the right and left lateral sides and spasming across [his]

28  abdominal area." (ECF No. 1 at 13-14.)

8

1   mind," which entails more than mere negligence, but less than conduct undertaken for the very

2   purpose of causing harm, Farmer, 511 U.S. at 834-35, plaintiff is granted leave to amend.

3   Leave to Amend

4          The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

5   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

6   court determines that the complaint does not contain a short and plain statement as required by

7   Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

8   must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty.

9   Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

10  degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

11  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint

12  must be dismissed.  The court, however, grants leave to file an amended complaint.

13         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

14  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

15  West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

16  each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

17  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

18  defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

19  F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

20  participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

21  268 (9th Cir. 1982).

22         Any amended complaint must identify as a defendant only persons who personally

23  participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v.

24  Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he

25  does an act, participates in another's act or omits to perform an act he is legally required to do

26  that causes the alleged deprivation).  In other words, plaintiff must clearly identify each defendant

27  and the action that defendant took that violated his constitutional rights.  The court is not required

28  to review exhibits to determine what plaintiff's charging allegations are as to each named

1   defendant.  The charging allegations must be set forth in the amended complaint, so defendants

2   have fair notice of the claims plaintiff is presenting.

3        A district court must construe a pro se pleading "liberally" to determine if it states a claim

4   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

5   opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

6   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678 (citing Bell Atlantic Corp. v.

8   Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted

9   as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting

10  Bell Atlantic Corp., 550 U.S. at 570).

11
12
13
14
15

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility and
> plausibility of entitlement to relief.

16  Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

17  can provide the framework of a complaint, they must be supported by factual allegations, and are

18  not entitled to the assumption of truth.  Id. at 1950.

19       An amended complaint must be complete in itself without reference to any prior pleading.

20  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

21  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

22  existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

23  pleading is superseded.  That said, plaintiff may request that the court re-attach previously filed

24  exhibits to his amended complaint so that plaintiff is not required to re-file such exhibits.

25       Accordingly, IT IS HEREBY ORDERED that:

26       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

27       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

28  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of the El Dorado County Jail filed concurrently herewith.

       3.  Plaintiff's complaint is dismissed.

       4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a.  The completed Notice of Amendment; and

          b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

       Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

       5.  The Clerk of the Court is directed to send plaintiff the form for filing a § 1983 civil rights action by a prisoner.

Dated:  August 10, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cast1428.14

11

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL CAST,                              No.  2:23-cv-1428 KJN P

12                Plaintiff,

13         v.                                    NOTICE OF AMENDMENT

14    JOHN D'AGOSTINI, et al.,

15                Defendants.

16

17         Plaintiff submits the following document in compliance with the court's order filed

18    August ___. 2023.

19                    _____            Amended Complaint
      DATED:
20

21                                              _____
                                                Plaintiff
22

23

24

25

26

27

28