UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CAST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN D'AGOSTINI, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-1428 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983.  On August 10, 2023, the court dismissed plaintiff's complaint with leave to amend.  On September 7, 2023, plaintiff filed a first amended complaint.

As discussed below, plaintiff states potentially cognizable Eighth Amendment claims as to defendants Chapman and Cameron and is granted leave to amend as to defendant Jail.

Eighth Amendment Claims

The court reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Dr. Ross Chapman and Nurse J. Cameron.  See 28 U.S.C. § 1915A.

Plaintiff may proceed forthwith to serve defendants Chapman and Cameron and pursue his claims against only those defendants, or he may delay serving any defendant and attempt to state a cognizable claim against defendant jail.

1

Second Claim

In claim two, in addition to deliberate indifference, plaintiff marks "basic necessities," "access to the court" and "other" - "receiving proper paperwork in a timely manner."  (ECF No. 7 at 4.)  Plaintiff alleges it took him months to receive grievance forms.  However, prisoners do not have a "separate constitutional entitlement to a specific prison [or jail] grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Even the lack of, or the failure of prison officials to properly implement, an administrative appeals process within the prison does not raise constitutional concerns.  Mann, 855 F.2d at 640.  Thus, plaintiff cannot state a cognizable civil rights claim as to the failure of jail staff to timely provide grievance forms.

Prisoners do have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354.  The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions.  See Lewis, 518 U.S. at 353 n.3, 354-55.  In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine.  Lewis, 518 U.S. at 349.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

Here, plaintiff does not allege he sustained an actual injury to his access to the courts; indeed, he is pursuing his deliberate indifference claims in this action.  Thus, plaintiff also fails to state a cognizable access to the courts claim.  It does not appear that plaintiff can amend to state a claim based on his allegations.

////

////

Defendant Jail

The court finds that the complaint does not state a cognizable claim against defendant South Lake Tahoe Jail.  Plaintiff included no charging allegations as to the Jail.  Thus, the claim against the Jail is dismissed with leave to amend.  Because plaintiff included no specific allegations as to the Jail, it is unclear whether plaintiff can amend his pleading to state a cognizable claim.  However, plaintiff is granted leave to amend as to the Jail.

Plaintiff's Options

If plaintiff elects to proceed forthwith against defendants Chapman and Cameron, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the appended form.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Jail without prejudice.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant Jail, he has thirty days so to do.  He is not obligated to amend his complaint.

Leave to Amend

Plaintiff is advised that any amended complaint must clearly identify each defendant and the action that defendant took that violated constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an

1  opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

2  not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

4  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

5  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

6  U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

12 Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

13 can provide the framework of a complaint, they must be supported by factual allegations, and are

14 not entitled to the assumption of truth.  Id. at 1950.

15  An amended complaint must be complete in itself without reference to any prior pleading.

16 Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

17 ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

18 existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

19 pleading is superseded.

20  Finally, plaintiff is not granted leave to add new claims or new defendants to this action.

21 Rather, plaintiff is granted leave to amend solely as to plaintiff's Eighth Amendment claim

22 against defendant Jail.

23  Accordingly, IT IS HEREBY ORDERED that:

24  1.  The claim against defendant South Lake Tahoe Jail is dismissed with leave to amend.

25 Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state

26 cognizable claims against this defendant.  Plaintiff is not obliged to amend his complaint.

27  2.  The allegations in the pleading are sufficient at least to state potentially cognizable

28 claims against defendants Chapman and Cameron.  See 28 U.S.C. § 1915A.  If plaintiff chooses

to proceed solely as to such Eighth Amendment claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective Fourteenth Amendment claims without prejudice.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his second claim and dismissing his defective claim against defendant South Lake Tahoe County Jail without prejudice.

       3.  Failure to comply with this order will result in a recommendation that plaintiff's second claim and his claim against the jail be dismissed without prejudice, and this action will proceed solely on plaintiff's Eighth Amendment claims against defendants Chapman and Cameron.

Dated:  October 3, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cast1428.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CAST,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN D'AGOSTINI, et al.,<br><br>        Defendants. | No.  2:23-cv-1428 KJN P<br><br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with his Eighth Amendment claims against defendants Chapman and Cameron.

_____    Plaintiff consents to dismissal of his second claim, as well as his Eighth Amendment claim against defendant jail without prejudice.

**OR**

\_\_\_\_\_    Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                                          Plaintiff